BARFIELD, Judge.
The employer/carrier appeal the deputy commissioner’s order approving a $52,000 advance of permanent total disability benefits to claimant. We reverse the deputy’s order and remand for further proceedings.
The order provides in pertinent part
... it is ordered that the employer, through its carrier, pay the claimant an advance in the amount of $52,000; ...
This order for disbursement is preceded by the following paragraph:
Payment of this advance to the claimant will be contingent upon appointment of a trustee in the Charlotte, North Carolina, area acceptable to the undersigned Deputy Commissioner. This trustee will be charged with the responsibility to insure that the claimant timely completes the requirements to function as a general contractor in North Carolina as well as insuring that the claimant will obtain whatever help may be available in that area from such as the Small Business Administration or SCORE that assists small businesses. The trustee will also be charged with the responsibility of insuring that the proceeds of the $52,000 are used only for payment of legitimate family expenses or legitimate furtheranc-es of the claimant’s business.
While we may not have authorized a lump-sum advance of permanent disability payments in this case, we cannot say the deputy commissioner abused her discretion in authorizing the advance and in recognizing the need for placing controls over the money. What concerns us is the apparent attempt of the deputy commissioner to establish a trust. The deputy commissioner does not have the authority to establish a trust. It is not the use of a trust which we reject but the deputy’s attempt to direct the creation of the trust.
Having determined that a lump-sum advance is appropriate but should not be made without restraints, the deputy commissioner should have required the claimant to come forward with proof of an appropriate vehicle for the administration of the money consistent with the purposes for its authorization contained in the order. In other words, it was the claimant’s burden to present to the deputy a proposed trust instrument inclusive of the identification and qualifications of the trustee for approval or rejection by the deputy commissioner.
This case is REVERSED and REMANDED to the deputy commissioner for further proceedings consistent with this opinion.
ZEHMER, J., concurs.
NIMMONS, J., concurs in part and dissents in part, with opinion.